**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOE LISCANO CABALLERO,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:17-CV-450-L** |
| | § | |
| **NANCY A. BERRYHILL, Acting** | § | |
| **Commissioner of the Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for findings of fact and recommendation.  Before the Court for recommendation is *Defendant's Motion to Reverse and Remand*, filed June 29, 2017 (doc. 15).  Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED.**

**I. BACKGROUND**

On February 7, 2014, Joe Liscano Caballero (Plaintiff) applied for disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning on November 30, 2013. (doc. 1 at 2.)[1] By written opinion dated August 31, 2015, an Administrative Law Judge (ALJ) found that Plaintiff had severe impairments due to a left ankle fracture, but still had the residual functional capacity (RFC) to perform light work with additional limitations. (R. at 11-20.)[2] The ALJ proceeded to find that Plaintiff had "at least a high school education" and had no transferable skills from his previous relevant work. (R. at 19.) Using the framework under the

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Some background information is summarized from the record of the administrative proceeding, which is designated as "R."

Medical-Vocational Guidelines[3] Rule 202.08, the ALJ concluded that Plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and was not disabled from his alleged onset date to the date that he was last insured. (R. at 20.) After a timely appeal, the Appeals Council affirmed the ALJ's decision and denied Plaintiff's request for review. (R. at 1-3.)

On February 17, 2017, Plaintiff filed this suit against the Acting Commissioner of the Social Security Administration (Commissioner), seeking reversal of the ALJ's unfavorable disability determination. (doc. 1.) After filing an answer but before filing a responsive brief, the Commissioner filed a motion to reverse and remand this case pursuant to sentence four of 42 U.S.C. §405(g). (doc. 15.) Plaintiff does not oppose the reversal, but he does contend that the remand order "should instead instruct the Commissioner to award disability benefits" without any additional findings or proceedings. (doc. 17 at 1.) The Commissioner's motion is now ripe for recommendation.

## II. MOTION TO REMAND

The Commissioner argues that this case should be reversed and remanded under sentence four of 42 U.S.C. §405(g) so the ALJ may conduct further administrative proceedings. (doc. 15.)

### A.    Standard for Remand

The Supreme Court has identified two exclusive methods for remanding social security cases under § 405(g). *See Shalala v. Shaefer*, 509 U.S. 292, 296-7 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97–98 (1991). The first method arises under "[t]he fourth sentence of § 405(g) [that] authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the

---

[3] The Medical-Vocational Guidelines, often referred to as the Grids, are divided into age categories, and the determination of whether an individual is presumptively disabled differs depending upon the age category and other factors. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

[Commissioner], with or without remanding the cause for a rehearing.'" *Melkonyan*, 501 U.S. at 98 (citing 42 U.S.C. § 405(g)).   A sentence four remand "requires the district court to enter a decision on the merits before remanding a case to the Commissioner." *Schriner v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-2042-N, 2010 WL 2941120, at *15 (N.D. Tex. June 22, 2010), *adopted by* 2010 WL 2944782 (N.D. Tex. July 22, 2010) (citing *Melkonyan*, 501 U.S. at 98).

The second method arises under the sixth sentence of § 405(g)  and "may be ordered in only two situations: where the [Commissioner] requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shaefer*, 509 U.S. at 297 (citing § 405(g); *Melkonyan*, 501 U.S. at 99–100).   Under sentence six, "[t]he district court does not . . . rule in any way as to the correctness of the administrative determination.  Rather, the court remands" the case for reconsideration if the "new evidence might have changed the outcome of the [] proceeding." *Melkonyan*, 501 U.S. at 98; *McKenzie v. Astrue*, 442 F. App'x 161, 162 (5th Cir. 2011). The "[i]mmediate entry of judgment (as opposed to entry of judgment after post-remand agency proceedings have been completed and their results filed with the court) is the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Chelette v. U.S. Comm'r of Soc. Sec.*, No. 1:11-CV-1860, 2012 WL 2870842, at *2 (W.D. La. June 12, 2012), *adopted by* 2012 WL 2873635 (W.D. La. July 12, 2012) (citing *Shaefer*, 509 U.S. at 296–7 and *Istre v. Apfel*, 208 F.3d 517, 520 (5th Cir. 2000)).

**B.     Analysis**

Both parties agree that reversal in this case is proper under sentence four of § 405(g), but they disagree on the proper instruction to the ALJ upon remand. (*See* docs. 15, 17.) The Commissioner requests that the ALJ be instructed to re-evaluate the evidence and conduct the

appropriate proceedings, while Plaintiff argues that the ALJ should be instructed to award disability benefits without any additional findings or consideration of evidence upon remand. (*Id.*)

In her decision, the ALJ determined that Plaintiff was an individual of advanced age, had acquired no transferable skills from his past relevant work, and had "at least a high school education." (R. at 18-19.) Based upon these findings, she applied Medical-Vocational Rule 202.08[4] and determined that Plaintiff was capable of other work that existed in significant numbers in the national economy. (R. at 19.) The ALJ's application of Rule 202.08, however, was not supported by substantial evidence[5] because she failed to find or cite to evidence in the record that Plaintiff's education was "high school graduate or more [that] provide[d] for direct entry into skilled work" as required under Rule 202.08. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2. Accordingly, the ALJ erred.

The Commissioner "concedes that there is some question as to the appropriate Medical-Vocational Rule to be applied in this case," and she argues that on remand, the ALJ should be allowed "the opportunity to review the evidence, including any potentially new evidence relating to the applicable time period, and proceed accordingly." (doc. 18 at 3.) Plaintiff responds that no other findings are necessary because the ALJ should have used Medical-Vocational Guideline Rule 202.06, which compels a finding of disability. *See Taylor v. Bowen*, 782 F.2d 1294, 1298-99 (5th

---

[4] Rule 202.08 applies when the claimant is of advanced age (55 years old or older), does not have any transferable skills from previous work experience, and has an education of "high school graduate or more [that] provides for direct entry into skilled work." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

[5] Judicial review of the commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Cir. 1986) (explaining that a district court may direct an award of benefits only if the uncontroverted evidence definitively establishes that the claimant is entitled to benefits). Rule 202.06[6] differs from Rule 202.08 in that the education requirement is "high school graduate or more [that] does not provide for direct entry into skilled work." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2. The ALJ made no findings at all in her decision regarding whether or not Plaintiff had an education that provided for direct entry into skilled work. (*See* R. at 19.) The only findings she made on Plaintiff's education were that he had "at least a high school education" and was capable of "communicat[ing] in English." (R. at 19.) In order to determine the applicability of Rule 202.06, this Court would be required to go outside the ALJ's decision and make a finding that Plaintiff had not completed any education that provided for direct entry into skilled work. This would improperly substitute its own judgment for the ALJ's determination as to the applicability of the Medical-Vocational Guidelines. *See Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) (holding that district courts cannot reweigh the evidence, try the issues *de novo*, or substitute their own judgment for that of the ALJ); *see also Koontz v. Comm'r, Soc. Sec. Admin.*, No. 3:08-CV-0399-M-BF, 2009 WL 2448167, at *7-8 (N.D. Tex. Aug. 10, 2009) (denying the plaintiff's request that the ALJ should be directed to award benefits upon remand because "the evidence is still disputed, and it does not clearly establish that [the plaintiff] is entitled to relief").

Accordingly, remand for further administrative proceedings is proper in this case.

### III. RECOMMENDATION

The Commissioner's motion to reverse and remand should be **GRANTED.**

---

[6] Rule 202.06 applies when the claimant is of advanced age (55 years old or older), does not have any transferable skills from previous work experience, and is a "high school graduate or more [that] does not provide for direct entry into skilled work." *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2

**SO RECOMMENDED** on this 7th day of September, 2017.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

-6-